IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

UNITED STATES OF AMERICA     §
    §
v.     §     Criminal No. 3:12-CR-220-L
    §
LAMONT JAVON MORGAN (14)     §

## <u>MEMORANDUM OPINION AND ORDER</u>

Before the court is Defendant's Motion for Review and Revocation of Detention Order, filed November 6, 2012. After careful consideration of the motion, response, record, hearing transcript, and applicable law, the court **denies** Defendant's Motion for Review and Revocation of Detention Order.

## I.     Background

Lamont Javon Morgan was indicted on October 24, 2012, on one count of conspiracy to possess with intent to distribute and to distribute 100 kilograms or more of a mixture or substance containing a detectable amount of marijuana, a Schedule I controlled substance, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(vii).

Morgan was arrested on November 1, 2012, on this charge and appeared before United States Magistrate Judge Paul D. Stickney in the Northern District of Texas for his initial appearance. The government moved for detention and invoked the rebuttable presumption of 18 U.S.C. § 3142(e) because Morgan was charged with an offense carrying a maximum term of imprisonment of ten years or more under the Controlled Substance Acts, 21 U.S.C. § 801 *et seq*. The detention hearing was held on November 5, 2012, before Magistrate Judge Stickney. After presentation of the evidence and arguments of counsel, Magistrate Judge Stickney granted the government's motion for pretrial

detention and issued a detention order. Magistrate Judge Stickney concluded that he could not "set [any] condition or combination of conditions that would reasonably assure Mr. Morgan's appearance at future court appearances and protect the safety of the community." Hr'g Tr. 45-46. While Magistrate Judge Stickney did not believe that Defendant Morgan was a flight risk, he did determine that Defendant Morgan's "drug involvement and drug trafficking is a danger to the safety of the community." *Id*. at 46.

Defendant Morgan seeks review and revocation of Magistrate Judge Stickney's detention order. He contends that he is not a flight risk, that he is not a danger to the community, and that he rebutted the presumption that no condition or combination of conditions will reasonably assure his appearance at court and the safety of the community. The court disagrees.

## II.    Legal Standard

The court first sets forth the applicable legal standard relevant to Defendant Morgan's motion. "When the district court, pursuant to 18 U.S.C. § 3145(b), acts on a motion to revoke or amend a magistrate's pretrial detention order, the court acts *de novo* and makes an independent determination of the proper pretrial detention or conditions for release." *United States v. Fortna*, 769 F.2d 243, 249 (5th Cir. 1985) (citations omitted). "Under the Bail Reform Act [the "Act"], a defendant shall be released pending trial unless a judicial officer determines that release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community." *United States v. Hare*, 873 F.2d 796, 798 (5th Cir. 1989). "[T]he lack of reasonable assurance of *either* the defendant's appearance or the safety of others or the community is sufficient; both are not required." *Fortna*, 769 F.2d at 249 (citations omitted). "[I]n determining whether there are conditions of release that will reasonably assure the appearance of the person as

required and the safety of any other person and the community," a court must consider: "(1) the nature and circumstances of the offense charged . . . ; (2) the weight of the evidence against the person; (3) the history and characteristics of the person . . . ; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release." 18 U.S.C. § 3142(g). "With respect to the quantum or character of proof, . . . the Act provides that the facts the judicial officer uses to support a finding pursuant to subsection (e) that no condition or combination of conditions will reasonably assure *the safety* of any other person and the community shall be supported by clear and convincing evidence." *Fortna*, 769 F.2d at 250 (quoting § 3142(f)) (internal quotation marks omitted).  In ascertaining whether risk of flight warrants detention, a preponderance of the evidence standard is used, and "the judicial officer should determine, from the information before him, that it is more likely than not that no condition or combination of conditions will reasonably assure the accused's appearance." *Id.* (citation omitted).

Title 21 U.S.C. § 3142(e)(3) provides for a statutory presumption that no such condition or combination of conditions exist that will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer determines that there is probable cause to believe that the person committed a drug offense for which a maximum term of ten years or more is prescribed.  As Defendant Morgan has been indicted, the indictment provides the necessary probable cause that Defendant Morgan has committed the requisite offense.  *United States v. Trosper*, 809 F.2d 1107, 1110 (5th Cir. 1987).  Accordingly, the presumption against pretrial release properly applies to Defendant Morgan in this case.

## III. Discussion

The court agrees with Magistrate Judge Stickney's determination that Defendant Morgan does not pose a flight risk. The question, however, is whether he is a danger to the community. After conducting the requisite independent review, the court determines that the Magistrate Judge correctly concluded that Defendant Morgan poses a safety risk or danger to the community. Magistrate Judge Stickney heard and considered the testimony of Stephen Smith, a Fort Worth police officer assigned to work with the Drug Enforcement Administration; Kevin McNutt, a master sergeant in the United States Air Force and whose wife is a cousin of Defendant Morgan; Allen McNutt, Defendant Morgan's father-in-law; a proffer by the government; and arguments by counsel for the government and defense before he made his decision to detain Defendant Morgan during the pendency of this case.

Contrary to his assertion, Defendant Morgan did not rebut the presumption that he was a danger to the community. When Magistrate Judge Stickney inquired as to what information existed to show that Morgan was a danger to the community since June 15, 2012, the date the search warrant was executed at Defendant's residence in which 40 pounds of marijuana, two firearms, and United States currency was found, the government proffered additional evidence that Defendant Morgan continued to be involved in the distribution of drugs. The information from an ongoing investigation revealed that Defendant Morgan had contact with a source of information in Arkansas. The information indicated that Defendant was in contact with the Arkansas source and that Defendant was to take a shipment of marijuana to Arkansas. This contact occurred approximately two weeks before the hearing in November.

A person's continued drug dealing or distribution of drugs constitutes "a danger and threat to the community." *Hare*, 873 F.2d at 799. Morgan did not offer or produce any evidence or argument at the hearing to rebut the government's proffer. Morgan did address this information in his motion. In this regard, he stated:

> [I]n closing argument when questioned again on the issue of community safety/future dangerousness[,] the government's attorney proffered testimony that the agent suddenly believed that Mr. Morgan was involved in further drug trafficking. The basis of the government's new belief is because Mr. Morgan allegedly made or received a call from a person of interest in Arkansas. There is no evidence of the nature of the call, the initiator of the call, the subject of the call, or anything about this vague and nebulous call that made it criminal. No evidence exists that Mr. Morgan would be danger to the community if released.

Def.'s Mot. 2. With this argument, Defendant Morgan attempts to minimize the importance of the government's additional information. While the information proffered by the government could have been more specific, one thing was clear: *Morgan was the person who was to take the shipment of marijuana to Arkansas*, and he did not challenge or otherwise deny this piece of evidence. As Defendant Morgan did not challenge the information, he did nothing to rebut or overcome the presumption that he would continue trafficking in or distributing drugs. The court therefore concludes that Magistrate Judge Stickney correctly held that no condition or combination of conditions existed that would reasonably protect the safety of the community.

## IV. Conclusion

For the reasons herein stated, the court **denies** Defendant Motion for Review and Revocation of Detention Order. The detention order issued by Magistrate Judge Stickney **remains in place** during the pendency of this case.

**It is so ordered** this 25th day of January, 2013.


Sam A. Lindsay
United States District Judge